Mehdi SHAHBAZI, an individual;
et al., Plaintiffs—Appellants,

v.

EQUILON ENTERPRISES, LLC, a Delaware Limited Liability Company;
et al., Defendants—Appellees.

No. 03–17275.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Dimitri G. Daskal, Esq., Walnut Creek, CA, for Plaintiffs–Appellants.

James Severson, Esq., Bingham McCutchen, LLP, San Franciso, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Mehdi Shahbazi and Balwinder Singh appeal the district court's grant of summary judgment in favor of Equilon Enterprises, LLC. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment and review for abuse of discretion the denial of additional discovery, *U.S. v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir.2002), and reconsideration, *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir.2003). We affirm.

The district properly granted summary judgment in favor of the defendants after determining that Equilon's assignment of their franchise-related, fuel supply obligations to a third party did not violate the terms of the Petroleum Marketing Protection Act ("PMPA"). *See, e.g., Portland 76 Auto/Truck Plaza, Inc. v. Union Oil Co.*, 153 F.3d 938, 948–49 (9th Cir.1998) (PMPA not implicated by assignment that does not force franchisee out of business either by

violating the underlying franchise agreement or violating state law).

The district court properly denied the Appellants' request to conduct further discovery before summary judgment was granted because the Appellants did not indicate why further discovery was necessary. *See Kitsap*, 314 F.3d at 1000.

The district court properly denied the Appellants' motion for reconsideration because it did not present newly discovered evidence, identify a clear error in the district court's decision, or rely on an intervening change in the controlling law. *See Nakatani*, 342 F.3d at 945.

The district court permissibly dismissed the Appellants' pending state law claims without prejudice after determining that the Appellants had not raised a valid, federal claim. *See Skysign Int'l, Inc. v. City and County of Honolulu*, 276 F.3d 1109, 1118 (9th Cir.2002).

All remaining contentions are unpersuasive.

### AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.