**Kenneth M. MILLER, Plaintiff— Appellant,**

v.

**U.S. DEPARTMENT OF AGRICULTURE; et al., Defendants—Appellees.**

No. 04–16508.

D.C. No. CV–03–01370–PHX–JAT.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 13, 2005.

Kenneth M. Miller, Tucson, AZ, pro se.

Gerald S. Frank, USTU—Office of the U.S. Attorney, Evo A. DeConcini, U.S. Courthouse, Hochuli & Benavidez, Steven B. Weatherspoon, Jeanna Michele Wiles Chandler, Chandler, Toullar, Udall & Redhair, Tucson, AZ, Russell R. Rea, Wayne Michael Flood, Jennings Strouss & Salmon, PLC, Moria Ann McCarthy, AGAZ—Office of the Arizona Attorney General, Daryl Manhart, Andrew Abraham, Burch & Cracchiolo PA, Phoenix, AZ, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM**

Kenneth M. Miller appeals pro se the district court's dismissal of his action alleging that the defendants created an unlawful subdivision and deprived him of use of an all-weather driveway to his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction and its dismissal of pendant state law claims. *Tritchler v. County of Lake,* 358 F.3d 1150, 1153 (9th Cir.2004). We affirm.

The district court properly dismissed Miller's claims against the federal defendants because Miller failed to identify a specific federal statute authorizing his action. *See Orsay v. U.S. Dept. of Justice,* 289 F.3d 1125, 1133 (9th Cir.2002) (indicating that the federal government may not be sued unless it has specifically waived its

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sovereign immunity). Because federal jurisdiction in Miller's action was based solely on the presence of federal defendants, the district court permissibly declined to exercise jurisdiction over the remainder of Miller's pendant state law claims that were not precluded by res judicata or collateral estoppel. *See Skysign Int'l, Inc. v. City and County of Honolulu,* 276 F.3d 1109, 1118 (9th Cir.2002). The district court's discretionary dismissal of Miller's pendant state law claims operates as a dismissal without prejudice. *See Brandwein v. Cal. Bd. of Osteopathic Examiners,* 708 F.2d 1466, 1475 (9th Cir.1983) (indicating that pendant state law claims are presumed to be dismissed without prejudice).

The appellees' request for attorney's fees is denied because Miller's appeal was not frivolous. *See Learned v. City of Bellevue,* 860 F.2d 928, 934 (9th Cir.1988).

All pending motions are denied as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.