MEMORANDUM**
Reginald P. Burgess appeals pro se the district court’s dismissal of his civil rights action alleging that defendants violated federal and state law in the course of challenging Burgess’ ownership of a house in state probate and federal bankruptcy proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir.2004) (dismissal for lack of subject matter jurisdiction); Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001) (dismissal for failure to state a claim). We affirm.
Contrary to Burgess’ contention, the district court was not precluded from applying the Rooker-Feldman doctrine to his civil rights action because it was not a bankruptcy appeal stemming from a “core” function of Chapter 11. See Gruntz v. County of Los Angeles, 202 F.3d 1074, 1082-83 (9th Cir.2000).
The district court properly determined that the Rooker-Feldman doctrine barred Burgess’ claim that the State of California and its court system failed to enforce provisions of state probate law that would have changed the outcome of his probate court proceedings. See Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir.2003) (indicating that a federal claim directly challenging a state court’s decision and seeking relief from the state court’s judgment is barred by Rooker-Feldman because it constitutes a forbidden de facto appeal).
The district court properly refused to exercise jurisdiction over Burgess’ claim that the house was ordered attached without proper notice or hearing, that the house was exempt from probate proceedings because it was Burgess’ “homestead” under California law, that American Contracts Indemnity Company should not have issued a “conservator bond” after the probate court appointed a conservator, and that state probate proceedings were tainted by racial animus. See Bianchi v. Ryla-ardsdam, 334 F.3d 895, 901 fn. 4 (9th Cir.2003)(indicating that federal claims are “inextricably intertwined” with a de facto *611 forbidden appeal where they seek to disrupt or undo a state court judgment).
Burgess’ remaining federal claims under 42 U.S.C. § 1988 and 11 U.S.C. § 362(h) were properly dismissed because his complaint contained no allegations to support them. See New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1305 n. 10 (9th Cir.1989).
The district court permissibly dismissed Burgess’ pendant state law claims without prejudice. See Skysign Int'l, Inc. v. City and County of Honolulu, 276 F.3d 1109, 1118 (9th Cir.2002).
Burgess’ remaining contentions are unpersuasive.
All pending motions are denied.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.