**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DR. RAMAN PATEL, Ph. D.,

            Plaintiff - Appellant,

  v.

ANAHEIM HOUSING AUTHORITY
(AHA),

            Defendant - Appellee,

GRACE STEPTER, Dir. of the AHA, in
her official capacity,

            Defendant.

No. 10-56699

D.C. No. 8:10-cv-00449-AG-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 28, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Raman Patel appeals pro se from the district court's judgment, following its bench trial, in his 42 U.S.C. § 1983 action alleging that the Anaheim Housing Authority ("AHA") terminated his assistance under the Section 8 Tenant Based Housing Choice Voucher Program ("Section 8") without offering reasonable accommodation for his medical disabilities. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Bell*, 602 F.3d 1074, 1079 (9th Cir. 2010). We may affirm on any ground supported by the record. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam). We affirm.

Judgment for defendants was proper as to Patel's claims regarding the merits of the AHA's decision to terminate his assistance because Patel is precluded under the doctrine of exhaustion of judicial remedies from re-litigating the merits in federal court. *See Skysign Int'l, Inc. v. City of Honolulu*, 276 F.3d 1109, 1115 (9th Cir. 2002) (federal courts accord state administrative adjudications the same preclusive effect they would have in state court); *Runyon v. Bd. of Trs. of Cal. State Univ.*, 229 P.3d 985, 994 (Cal. 2010) ("Generally speaking, if a complainant fails to overturn an adverse administrative decision by writ of mandate, and if the administrative proceeding possessed the requisite judicial character, the

administrative decision is binding in a later civil action brought in superior court."

(internal quotation marks and citations omitted)).

Judgment for defendants was also proper as to Patel's due process claims

because the AHA hearing officer was not required to directly address every piece

of evidence presented and, thus, did not violate Patel's due process rights by failing

to do so. *See* 24 C.F.R. § 982.555(e)(6) (the written decision of a hearing officer

reviewing the determination to terminate Section 8 benefits need only "briefly"

state the reasons for the decision); *see also Howard ex rel. Wolff v. Barnhart*, 341

F.3d 1006, 1012 (9th Cir. 2003) (an administrative law judge need not discuss all

evidence introduced).

Patel's remaining contentions are unpersuasive.

Patel's motion to expedite review of this case is denied as moot.

**AFFIRMED.**