FILED

NOT FOR PUBLICATION

NOV 29 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHEN HALE, | No. 11-15693 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00391-JAM-KJN |
| v. | |
| VACAVILLE HOUSING AUTHORITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Chen Hale appeals pro se from the district court's judgment dismissing her

action alleging that the Vacaville Housing Authority ("VHA") discriminated

against her on the basis of her national origin and disability by terminating her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

participation in the Section 8 housing assistance program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011), and we affirm.

The district court properly dismissed Hale's claims regarding the merits of VHA's decision to terminate her assistance because Hale is precluded under the doctrine of exhaustion of judicial remedies from relitigating the merits in federal court. *See Skysign Int'l, Inc. v. City of Honolulu*, 276 F.3d 1109, 1115 (9th Cir. 2002) (federal courts accord state administrative adjudications the same preclusive effect they would have in state court); *Runyon v. Bd. of Trs. of Cal. State Univ.*, 229 P.3d 985, 994 (Cal. 2010) ("Generally speaking, if a complainant fails to overturn an adverse administrative decision by writ of mandate, and if the administrative proceeding possessed the requisite judicial character, the administrative decision is binding in a later civil action brought in superior court." (citations and internal quotation marks omitted)).

The district court properly dismissed Hale's claims under the Americans with Disabilities Act and Title VI of the Civil Rights Act of 1964 because Hale failed to allege facts sufficient to show that VHA terminated her Section 8 assistance on account of her national origin or because of her disability. *See Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 522 (9th Cir. 2011) (Title

VI prohibits only intentional discrimination); *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (explaining that to show a violation of the ADA, a plaintiff must show that the denial of benefits or discrimination was "by reason of [her] disability").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Hale's state law claims after dismissing her federal claims without leave to amend. *See* 28 U.S.C. § 1367(c)(3). We construe the dismissal of the state law claims to be without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Hale's contention that the district court abused its discretion by failing to grant leave to amend her complaint sua sponte is unpersuasive.

We do not consider matters raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We also do not consider any documents that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

All pending motions are denied.

**AFFIRMED.**