NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORY HOCH, | No. 16-15448 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-02258-AWI-DLB |
| v. | |
| JOHN SANZBERRO, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted May 15, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

In this action under 42 U.S.C. § 1983, Cory Hoch, a patient civilly detained in a California state hospital, appeals from the grant of summary judgment to John Sanzberro, a psychiatric technician and unit supervisor at the hospital. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Sanzberro is entitled to qualified immunity from Hoch's claims for money damages. Assuming that Sanzberro's conduct violated the Fourth Amendment, it was not clearly established in March 2008 that a state-hospital psychiatric technician in receipt of information that a detained patient-parolee had been found with plainly patient-restricted materials lacked sufficient cause to justify a search and seizure of that patient's effects. Hoch offers no valid precedent that would have placed the supposed unlawfulness of Sanzberro's conduct "beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (internal quotation mark omitted).

2. Hoch lacks standing to seek a court order directing Sanzberro to return Hoch's laptop. *See Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 815 (9th Cir. 2017); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990). The evidence uniformly indicates that Sanzberro is incapable of returning the laptop: as Hoch conceded at deposition, the laptop is not in Sanzberro's custody or control because, pursuant to a court order, it was placed in the custody of the Los Angeles County District Attorney's Office, where it remains. It is therefore "merely speculative[] that [Hoch's] injury will be redressed" by a court order directing Sanzberro to return it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).

3. Hoch's claim for a declaratory judgment is moot. *See Preiser v. Newkirk*,

2

422 U.S. 395, 401 (1975); *Skysign Int'l, Inc. v. City & Cty. of Honolulu*, 276 F.3d 1109, 1114 (9th Cir. 2002). Because a California regulation now bars civilly detained patients "from having personal access to, possession, or on-site storage" of internet-capable electronic devices, *see* Cal. Code Regs. tit. 9, § 4350 (2018), Hoch has no ongoing interest in a declaration of his privacy rights in such devices. Moreover, because this appeal arises from Hoch's storage of patient-restricted materials on an electronic device, a declaration of the privacy rights of civilly detained patients in their rooms and non-electronic personal effects generally would be "an opinion advising what the law would be upon a hypothetical state of facts." *Preiser*, 422 U.S. at 401 (internal quotation marks omitted). We reject Hoch's request, first asserted in his reply brief on appeal, that we invalidate California's electronic-device ban as violating the First Amendment. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

4. Because Hoch has not explained what colorable causes of action he could or would attempt to plead against Coalinga State Hospital on remand, we decline his request for leave to add such claims. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017).

**AFFIRMED.**

3