IN THE MATTER OF THE ESTATE
OF HO POI, DECEASED

No. 5162

IN THE MATTER OF THE ESTATE
OF HO POI, DECEASED

No. 5115

COOKE TRUST COMPANY, LIMITED, an Hawaiian
Corporation, Administrator with the Will Annexed
of the Estate of Ho Poi, Petitioner-Appellee, *v.*
KAM HON HO and RONALD KWAI LUNG HO,
Respondents-Appellants

No. 5117

October 4, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

In a will duly executed and attested on February 28, 1935, Ho Poi made the following disposition:

> I do hereby give, devise and bequeath to my lawfully begotten children, surviving me at the time of my death, share and share alike, all of my property, real, personal or mixed and wheresoever situate, of which I am possessed or to which I may be entitled at the time of my death.

When he died on May 29, 1941, Ho Poi was survived by 17 children. The circuit court at chambers, in an order dated December 18, 1970 and which included a determination of devisees entitled to real property and a distribution of the estate, held that each of the 17 surviving children was a devisee and legatee under the will of Ho Poi. Thus, the court ordered the administrator to distribute a 1/17th share of Ho Poi's estate to each of them or to their representatives.

The appellants are among a group of seven of Ho Poi's children (or their heirs) who contested the legitimacy of the other ten before the circuit court at chambers, claiming that the ten were the children of Ho Poi and Chun Shee, a servant girl. While they raise six specifications of error on appeal, only two require consideration. First, they appeal from the court's holding that Equity No. 5664, which was the subject of *In re Estate of Ho Chang Shee,* 48 Haw. 193, 397 P.2d 552 (1964), is "res adjudicata" on the issue of the maternity of the 17 children of Ho Poi. Second, they allege that the circuit court erred in dismissing their appeal of the decision of the

circuit court at chambers, taken pursuant to HRS § 531-2.[1] We affirm.

## I. COLLATERAL ESTOPPEL.

In the *Chang Shee* case, *supra,* the central issue was the maternity of the 17 children of Ho Poi. In that case, the equity court held that each of the 17 children was an heir of Chang Shee, the wife of Ho Poi. We affirmed on appeal in *In re Estate of Ho Chang Shee, supra,* 48 Haw. 193, 397 P.2d 552 (1964) .

In his will, Ho Poi designated as his legatees and devisees all his "lawfully begotten children" surviving him at the time of his death. It was admitted in *Chang Shee,* and it is nowhere contested here, that Ho Poi was the father of all 17 children. Thus, if the adjudication in *Chang Shee* of the maternity issue is binding in the instant case, it then follows that all 17 children are "lawfully begotten children" of Ho Poi.[2]

In *Ellis* v. *Crockett,* 51 Haw. 45, 55-56, 451 P.2d 814, 822 (1969) , we said:

> Collateral estoppel is an aspect of *res judicata* which precludes the relitigation of a fact or issue which was previously determined in a prior suit on a

---

[1]HRS § 531-2 provides:

*Jury on appeal, when.* Whenever the value of the estate of any deceased person exceeds $500, any person claiming, before any judge sitting as a court of probate, the estate, or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in the State, who deems himself aggrieved, by the decision of the probate judge at chambers, may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury, and his motion shall not be denied.

[2]The appellants rely heavily upon Honolulu Investment Company v. Rowland, 14 Haw. 271, 274-5 (1902) for the proposition that "lawfully beggotten" children do not include those born out of wedlock but legitimized by operation of law. This is irrelevant, since if the 17 children are deemed the children of Chang Shee and the paternity of Ho Poi is admitted, they must of necessity be the "lawfully begotten" children of Ho Poi, there being no suggestion that any of the 17 children was conceived at a time when Ho Poi and Chang Shee were not married or that any of the children was adopted.

different claim between the same parties or their privies. . . .

The policy reasons underlying both *res judicata* and collateral estoppel are several. The public interest staunchly permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. Furthermore, public reliance upon judicial pronouncements requires that what has been finally determined by competent tribunals shall be accepted as undeniable legal truth. Its legal efficacy is not to be undermined. Also, these doctrines tend "to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results." Developments in the *Law—Res Judicata*, 65 Harv. L. Rev. 818, 820 (1952).

The doctrine of collateral estoppel is clearly applicable to the instant case, inasmuch as the issue of the maternity of Ho Poi's children was resolved in the *Chang Shee* case and the parties both in that and the instant case are either identical or in privity. Whether each of the 17 children was in fact mothered by Chang Shee is now immaterial, because a "final adjudication operates as res judicata even though it is erroneous." *Glover* v. *Fong,* 42 Haw. 560, 574 (1958). Thus, the circuit court at chambers properly held that *In re Estate of Ho Chang Shee,* 48 Haw. 193, 397 P.2d 552 (1964) was "res adjudicata" on the issue of maternity.

## II. APPEAL TO THE CIRCUIT COURT.

The appellants sought to appeal the decision of the circuit court at chambers in probate to the circuit court pursuant to HRS § 531-2, which permits an appeal by an "aggrieved" legatee, devisee, or heir, when the value of the estate in question exceeds $500 and there exists a matter of fact in issue. On April 20, 1971, the circuit court issued an order dismissing the appeal.

The appeal was properly dismissed. The only matter of fact at issue was that of the maternity of Ho Poi's children, and the appellants were collaterally estopped from raising it.

Affirmed.

*Helen B. Ryan* (*Ryan & Ryan* of counsel) for Appellants, Kam Hon Ho, et al.

*Earl S. Robinson* (*Fong, Miho, Robinson, Zimmermann & McComish* of counsel) for Appellees, Kam Moon Kam, et al.

*G. Richard Morry* (*Anthony B. Craven* with him on the brief, *Conroy, Hamilton, Gibson, Nickelsen & Rush* of counsel) for Administrator C.T.A. and Receiver, First Hawaiian Bank, Appellee.

*Wilfred H. C. Youth* (*Lo, Youth & Ikazaki*) *for Ellen* Wong Ho, et al.

---

DISSENTING OPINION OF ABE, J.

The trial court was called upon to decide who were to take under the will of Ho Poi as his "lawfully begotten children." Thus, its task was to determine the testator's intent as to who fell into the class of "lawfully begotten children." *Booth* v. *Baker,* 10 Haw. 543 (1896) ; *Brown* v. *Brown,* 11 Haw. 47 (1897); *Rooke* v. *Queen's Hospital,* 12 Haw. 375 (1900) ; *Collins* v. *Hodgson,* 36 Haw. 334 (1943) ; *Knight* v. *Carter,* 31 Haw. 535 (1930) .

The majority of this court seems to engage in the following line of reasoning:

1) It is admitted that Ho Poi fathered all 17 of the children in question;

2) It has been previously decided by competent courts that the 17 were all children of Chang Shee;

3) Ho Poi and Chang Shee were husband and wife;

4) Therefore, the 17 are the "lawfully begotten children" of Ho Poi.

Thus it appears that this court assumes that the issue of maternity of the original 17 children admittedly fathered by Ho Poi was decided in Equity No. 5664 and affirmed in *In re Estate of Ho Chang Shee,* 48 Haw. 193, 397 P.2d 552 (1964). On the basis of this assumption, it holds that the appellants (the seven) are collaterally estopped from litigating the issue of whether the other ten children were of Chang Shee's body.

The issue in Equity No. 5664 was the determination of the heirs of Chang Shee, under the intestacy statutes applicable at that time (now HRS § 532-4, which provided that "the property shall be divided equally among the intestate's children . . . ." The court in Equity No. 5664 found that all 17 were the children of Ho Chang Shee. Therefore under the intestacy statute each took one-seventeenth of her estate. The Circuit Court never specifically decided that all 17 were borne by Ho Chang Shee.

Similarly, this court in *In re Ho Chang Shee, supra,* simply decided as a policy matter that under the facts of the case, the 17 were "children" of Chang Shee for the purpose of intestate succession. It stated: "we reach the same result even if it be assumed that Ho Poi fathered children by both Chang Shee [purported mother of the seven] and Chun Shee [purported mother of the ten]." 48 Haw. 193, 203, 397 P.2d 552, 557.[1]

---

[1]See also 48 Haw. 193, 201-202, 397 P.2d 552, 557, where this court said:

"There is much in the situation which tends to support the allegations of 'the seven.' Perhaps Ho Poi did father children by both his lawful wife, Chang Shee, and another woman, Chun Shee. However, if this is admitted, the parentage of all children born after Chun Shee became of child-bearing age becomes doubtful. There is then no overriding reason to assign any of these children to Chang Shee or Chun Shee. If it is held, as 'the seven' maintain, that the sworn testimony of three of their number and of their mother and father and also the petitions for several certificates of Hawaiian birth were all part of a deliberate plan for the purpose of avoiding possible criminal action against Ho Poi, would not such a plan of deliberate falsification under oath also cast a cloud on the parentage of each of 'the seven'? If Kam Kong Ho (one of 'the seven') and Kam Hou

Finding that a person is a child of a female decedent for the purpose of taking an intestate share does not necessarily mean that she bore that child. For example, an adopted child may take from adoptive parents. HRS § 578-16. *See also* SLH 1905, Act 83; *Estate of Kamauoha,* 26 Haw. 439 (1922) ; *Trust Estate of Holt,* 42 Haw. 129 (1957). Furthermore, under *In re Ho Chang Shee, supra,* it appears that a person admittedly fathered by a husband may take from the husband's wife who dies intestate if that person has been treated by both as their child, absent any "irrefragable" proof to the contrary.

I believe this court in *Ellis* v. *Crockett,* 51 Haw. 45, 55, 451 P.2d 814, 822 (1969) , correctly states the operational effect of collateral estoppel; it *"precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim between the same parties or their privies . . ."* (emphasis added) .

However, it appears to me that neither the trial court in Equity No. 5664 nor this court in *In re Estate of Ho Chang Shee, supra,* determined the issue of the maternity of the 17 children. Thus, I believe it is error for this court to hold that the appellants are estopped from questioning the maternity of the ten children under the doctrine of collateral estoppel.

Unless there is evidence contained in the will to the contrary, the normal meaning of words used in a testamentary instrument will be taken to indicate the testator's intent. *Spreckels v. Spreckels,* 21 Haw. 556, 565-66 (1913).

---

Wong (one of 'the ten') were actually born within 7 days of each other, as 'the seven' contend but 'the ten' deny, how does one prove that either child must necessarily have been born of either mother?

These considerations illuminate the desirability of applying a presumption in this case which places the burden upon 'the seven' of showing by 'irrefragable' proof that the relationship of mother and child did not exist between Chang Shee and each of 'the ten.' The judge below concluded that no such standard of proof was met. This court cannot now say that his conclusion is 'clearly erroneous,' even though we have reason to doubt the credibility of some of the testimony on the part of 'the ten,' as well as some of the testimony on the part of 'the seven.' "

The word "children" usually means immediate offspring. *See Estate of Hartwell,* 23 Haw. 213 (1916). If Ho Poi had devised his estate to his "children" there would not be any doubt that all 17 are within this class of devisees. The devise, however, was to his "lawfully begotten children." To be lawfully begotten, a child must have been born or conceived to a husband and wife during coverture. *Honolulu Investment Co.* v. *Rowland,* 14 Haw. 271 (1902); *Appeal of Edwards,* 108 Pa. 283 (1885). Thus under Ho Poi's will only his children born of Chang Shee during their marriage are "lawfully begotten children" and therefore his devisees.

The trial court refused to allow the seven to introduce evidence as to the maternity of the ten, ruling that the issue had been decided in Equity No. 5664 and in *In re Ho Chang Shee.* This court affirms on the same theory. Based on the reasons stated above, I would reverse and remand for further proceeding on the issue of maternity. The seven should be allowed to prove the maternity of the parties.

I, therefore, dissent.