HONOLULU JOINT APPRENTICESHIP COMMITTEE FOR THE HEAT & FROST ASBESTOS INSULATOR TRADE, Appellant-Appellee, *v.* ARNOLD K. KAUHANE, Appellee-Appellant, and JOSHUA AGSALUD, Director of the Department of Labor and Industrial Relations, State of Hawaii, Appellee

NO. 10933

(CIVIL NO. 84-1025)

AUGUST 28, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* On February 7, 1980, the Honolulu Joint Apprentice-ship Committee for the Heat & Frost Asbestos Insulator Trade ("HJAC") informed appellant-appellee Arnold K. Kauhane that he was

being terminated from the industry's apprenticeship program. The Deputy Director of the Department of Labor and Industrial Relations ("DLIR"), after conducting a hearing on March 24, 1980 to determine whether to concur with HJAC's recommendation that Kauhane be terminated, issued a written decision on May 12, 1980 concurring with HJAC's recommendation and terminating Kauhane's apprenticeship agreement. On June 13, 1980 Kauhane filed an appeal from the Deputy Director's May 12th decision in the circuit court. The court remanded the case to the DLIR for further hearing apparently because portions of the transcript were inaudible.

On September 5, 1984, after a July 2, 1984 DLIR rehearing the Deputy Director reversed his original decision and ordered HJAC to reinstate Kauhane into the apprenticeship program. HJAC filed a Notice of Appeal to the circuit court on October 5, 1984 and Kauhane cross-appealed on October 18, 1984 contending that the Deputy Director erred in not awarding back wages, attorney's fees and costs. After a hearing on June 3, 1985, the circuit court on September 6, 1985, based on procedural irregularities vacated the Deputy Director's decision and order of September 5, 1984 and remanded the case to the DLIR for a new hearing. Kauhane timely filed a Notice of Appeal on October 2, 1985.

We question, sua sponte, even though the parties have not raised the issue in their appeal and cross-appeal, whether the circuit court had jurisdiction to entertain HJAC's appeal. *See Territory v. Correa,* 24 Haw. 165, 166-67 (1917).

HJAC is a joint apprenticeship committee, as defined by Hawaii Revised Statutes (HRS) § 372-7, authorized to *recommend* to the Director of the DLIR termination of an apprenticeship agreement. *See* Reg. XLIV, § 7(b), *Department of Labor and Industrial Relations, State of Hawaii;* §§ 2h. & 10b., *Apprenticeship Standards, Honolulu Joint Apprenticeship Committee for the Asbestos Workers Trade.* The Director has the power and authority to ultimately decide whether the apprenticeship agreement is to be terminated. He is not bound to concur with HJAC's recommendation. *See id.*

Under HRS § 91-14, only a "person aggrieved by a final decision and order" is entitled to judicial review. HJAC's legitimate interest was not injured in fact, and therefore HJAC is not aggrieved by the Deputy Director's final decision and order reinstating Kauhane. *See Mahuiki v. Planning Commission,* 65 Haw. 506, 512-15, 654 P.2d 874, 878-80

(1982). Under the statutory and regulatory scheme, HJAC's interest is to ensure that it is allowed to exercise its right to recommend termination of an apprenticeship agreement to the Director. HJAC has no further legitimate interest beyond making its recommendation to the Director. The decision whether to terminate is exclusively within the Director's prerogative. HJAC, not being aggrieved under HRS § 91-14, had no standing to appeal and therefore, we conclude that the circuit court had no jurisdiction to hear HJAC's appeal. The circuit court's order of September 6, 1985 is vacated.

Kauhane cross-appealed from the Deputy Director's failure to award him back wages, attorney's fees and costs. Kauhane was aggrieved by such action and thus had standing to appeal to the circuit court. We remand to the circuit court for a hearing to determine whether there is a basis, statutory or otherwise, for such an award.[1]

*Richard S. Kawana* for appellee-appellant.

*Wayne A. Matsuura,* Deputy Attorney General, for appellee.

*Miles N. Yasunaga (Fujikawa & Yasunaga)* for appellant-appellee.

---

[1]The circuit court did not reach the issue in light of its decision to remand for a rehearing.