ARNOLD KAUHANE, Plaintiff–Appellant, v. ACUTRON COMPANY, INC., Defendant–Appellee, and JOHN DOES 1–10, JANE DOES 1–10, DOE CORPORATIONS 1–10, DOE PARTNERSHIPS 1–10, DOE ASSOCIATIONS 1–10, DOE COMMITTEES 1–10, and DOE GOVERN-MENTAL ENTITIES 1–10, Defendants

NO. 14063

(CIV. NO. 88–3159)

JULY 10, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY HAYASHI, J.

Plaintiff–Appellant Arnold Kauhane (Plaintiff) appeals from the: 1) Order Granting Defendant Acutron Company, Inc.'s Motion for Summary Judgment; and 2) Order Denying Plaintiff Arnold Kauhane's Motion for Reconsideration Filed on July 5, 1989. The issue presented in this case is whether the Judgment entered by the Circuit Court of the First Circuit, State of Hawaii, in Civil No. 84–1025, *Honolulu Joint Apprenticeship Committee for Heat & Frost Asbestos Insulator Trade v. Agsalud*, precludes Plaintiff from raising his claims here for back wages, attorneys fees and costs. We find that it does and therefore affirm the judgment of the lower court.

I.

On August 1, 1975, Plaintiff entered into an apprenticeship agreement with the Honolulu Joint Apprenticeship Committee for the Heat and Frost Asbestos Insulator Trade (HJAC), under which Plaintiff was to be employed and trained by Defendant–Appellee Acutron Company, Inc. (Acutron).[1] On February 13, 1980, HJAC discharged Plaintiff from the Apprenticeship program. Based upon HJAC's decision, Acutron terminated Plaintiff. Although the Deputy Director of the Department of Labor and Industrial Relations (DLIR) later approved HJAC's decision, upon a subsequent rehearing, the Deputy Director reversed his decision and ordered HJAC to reinstate Plaintiff.

HJAC appealed this decision to the circuit court in Civil No. 84–1025, and Plaintiff cross–appealed maintaining that the Deputy Director erred in not awarding back wages, attorneys fees and

---

[1] The lower court found and the parties do not dispute that HJAC served as Acutron's agent/representative at all relevant times herein.

costs. Due to procedural irregularities, the circuit court vacated the Deputy Director's Decision and Order and remanded the case for a new hearing. On Plaintiff's appeal from the circuit court ruling, we held that HJAC, not being a party aggrieved by the Deputy Director's decision under Hawaii Revised Statutes (HRS) § 91–14, lacked standing to appeal the Deputy Director's decision, and therefore the circuit court lacked jurisdiction to hear HJAC's initial appeal. *See Honolulu Joint Apprenticeship Comm. for Heat & Frost Asbestos Insulator Trade v. Kauhane*, 68 Haw. 605, 723 P.2d 753 (1986). We remanded the case to the circuit court for the limited purpose of determining Plaintiff's claim for back wages, attorney's fees and costs: the circuit court had not reached that issue in light of its decision to remand for a rehearing.

On remand, the circuit court dismissed Plaintiff's claim, finding that there was "no basis, statutory or otherwise, upon which to award Mr. Kauhane back wages, attorney's fees and costs in this proceeding," and that even if there was a basis for recovery, Plaintiff had waived it by failing to raise it in a timely fashion in the proceedings below. The circuit court entered judgment. Plaintiff filed a Notice of Appeal, but later withdrew that Notice.

On October 11, 1988, Plaintiff filed the Complaint in this action against Acutron, seeking general and special damages; wages and benefits; and attorney's fees, costs, and prejudgment interest. The Complaint alleged *inter alia*: 1) that Plaintiff's termination without good cause was contrary to the terms of the Apprenticeship Agreement, and therefore constituted a breach of employment contract; and 2) that Plaintiff's termination without the prior approval of the Department of Labor, as required under the Apprenticeship Agreement, was unlawful.

On May 25, 1989, Acutron filed a motion for judgment on the pleadings, or in the alternative for summary judgment and/or to strike portions of the Complaint. Following a hearing on the motion, the circuit court entered its Order Granting Defendant

Acutron Company, Inc.'s Motion for Summary Judgment on August 10, 1989, finding that the doctrine of res judicata precluded relitigation of the claims brought in this proceeding. The court subsequently denied Plaintiff's motion for reconsideration on August 29, 1989.

Plaintiff timely appealed.[2]

## II.

At issue in this case is the effect of the circuit court's ruling in Civil No. 84–1025, which reads in pertinent part as follows:

> B. There is no basis, statutory or otherwise, upon which to award Mr. Kauhane back wages, attorney's fees and costs in this proceeding.[3]

---

[2] Acutron contends that it would be proper for this court to dismiss this appeal for lack of appellate jurisdiction because: 1) Plaintiff, in violation of Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b)(2) had failed to cite specific authority for this appeal; and 2) Plaintiff's Notice of Appeal was filed prematurely and no subsequent notice was filed.

Although Plaintiff has failed to cite to it, HRS § 641–1(a) provides specific authority for this appeal. Given the general policy favoring the adjudication of cases on their merits, we decline to dismiss this case based upon Plaintiff's technical violation of HRAP Rule 28.

Under HRAP Rule 4(a)(4), Plaintiff was required to file his Notice of Appeal within thirty days after entry of the order disposing of the motion for reconsideration. The trial court filed its order denying Plaintiff's motion for reconsideration on August 29, 1989; Plaintiff filed his Notice of Appeal on September 7, 1989. Plaintiff's Notice of Appeal, therefore, was timely filed.

[3] Plaintiff contends that the court's use of the phrase "in this proceeding" implies that the court intended to allow Plaintiff to pursue his claim for back wages in a separate action outside of Chapter 372. This interpretation, however, ignores the fundamental tenet of the doctrine of res judicata that the court issuing the initial judgment lacks the authority to determine the preclusive effect of that judgment.

> C. Even if there were any basis for awarding Mr. Kauhane back pay, attorney's fees and costs in this proceedings, Mr. Kauhane waived any rights to raise such issues before this Court because of failure to raise them in a timely fashion in proceedings below.

Record at 91–92.

Plaintiff contends that the circuit court erred in finding that the Judgment in Civil No. 84–1025 precludes relitigation of the claims in this proceeding based on the doctrine of res judicata. Plaintiff asserts that no basis for an agency award of back wages or attorney's fees and costs existed under HRS Chapter 372.[4] Plaintiff therefore argues that the circuit court in Civil No. 84–1025 did not finally adjudicate on the merits the claims raised here because the court, hearing an administrative appeal pursuant to HRS Chapter 372, lacked jurisdiction over those claims. We find the language of Chapter 372 of sufficient breadth to have afforded Plaintiff a colorable claim before the administrative body, thereby conferring jurisdiction upon the circuit court to determine the validity of that claim on appeal.[5] Having determined that the circuit court had jurisdiction over the matters decided in Civil No. 84–1025, we

---

[4] HRS Chapter 372 authorizes the creation of the Apprenticeship Committee, sets out the powers and duties of the Director of the DLIR under the Apprenticeship program, and establishes the standards governing the Apprenticeship program.

[5] We note without deciding that the language of Chapter 372 is broad enough to be read as authorizing the Director of DLIR to award the remedy sought by Plaintiff. HRS § 372–5(7) authorizes the director to "[b]ring about the settlement of differences arising out of the apprenticeship agreement where the differences cannot be otherwise adjusted locally." Pursuant to that authority, Administrative Rule § 12–30–12(b) of Chapter 30, Apprenticeship programs, Title 12 DLIR, provides that "[a]ny controversy or difference arising under an apprenticeship agreement which cannot be resolved by the parties, or which is not covered by a collective bargaining agreement, may be submitted to the department for review. Matters covered by a collective agreement are not subject to such review."

now address whether the requirements of the doctrine of res judicata are satisfied.

According to the doctrine of res judicata, "'[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the [claims] which were actually litigated in the first action, but also of all grounds of claim . . . which might have been properly litigated in the first action but were not litigated or decided.'" *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 422–23, 539 P.2d 472, 474–75 (1975) (quoting *In re Bishop Estate*, 36 Haw. 403, 416 (1943)).

The purpose of the doctrine of res judicata is "to prevent a multiplicity of suits and [to] provide a limit to litigation." *Bolte v. Aits, Inc.*, 60 Haw. 58, 60, 587 P.2d 810, 812 (1978). It serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see Bolte v. Aits, Inc.*, 60 Haw. 58, 587 P.2d 810 (1978). The res judicata doctrine thus furthers the interests of litigants, the judicial system and society by bringing an end to litigation where matters have already been tried and decided on the merits. *See In re Estate of Ho Poi*, 54 Haw. 35, 501 P.2d 973 (1972). "'It is a rule of fundamental and substantial justice, 'of public policy and private peace[.]'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917)).

The doctrine therefore "'permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity.'" *In re Estate of Ho Poi*, 54 Haw. at 38, 501 P.2d at 975 (quoting *Ellis v. Crockett*, 51 Haw. 45, 56, 451 P.2d 814, 822 (1969)). Unsatisfied litigants have a remedy: they can appeal through available channels. But they cannot, even if the first suit may appear to have been decided wrongly, file new

suits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981); *see In re Estate of Ho Poi*, 54 Haw. 35, 501 P.2d 973 (1972).

We conclude that in light of the judgment in Civil No. 84–1025, the doctrine of res judicata precludes litigation of this present action. First, as HJAC acted as Acutron's agent in the prior proceeding of which Plaintiff was a party, the parties involved in both actions are the same. Second, the claims asserted by Plaintiff in both actions are the same. To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the "claim" asserted in the second action arises out of the same transaction, or series of connected transactions, as the "claim" asserted in the first action.[6] *See* **Restatement (Second) of Judgments** § 24 (1982). As in the prior action, Plaintiff premises his claims in the present action solely upon violations of the terms of the Apprenticeship Agreement. Specifically, Plaintiff asserts that Acutron breached the Apprenticeship Agreement by terminating him without good cause in violation of the terms of that Agreement. Plaintiff also asserts in both actions that Acutron improperly fired him without the prior approval of the DLIR, again in violation of the terms of the Apprenticeship Agreement. Plaintiff's claims thus allege violations of the same Agreement. Plaintiff's claims in the prior action and in the present action, therefore, all arise out of the same transaction and accordingly, constitute the same "claims" for res judicata purposes.

---

[6] The commentary on Restatement (Second) of Judgments § 24 expresses the rationale behind this transactional view of claim as follows:

> The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

**Restatement (Second) of Judgments** § 24 comment at 197 (1982).

Lastly, the circuit court's dismissal of Plaintiff's claims with prejudice following the remand in Civil No. 84–1025 constituted a final judgment on the merits. The circuit court granted summary judgment on the merits, determining that Plaintiff's claim lacked legal authority or, alternatively, that Plaintiff had waived any right to assert the claim by withholding the claim from the administrative tribunal. Any challenge to the propriety of those determinations should have been raised by appeal to this court in that prior proceeding.[7] Plaintiff, however, withdrew his appeal and thereby foreclosed review by this court. Once that appeal was withdrawn, the circuit court's judgment became final for res judicata purposes.

Because this case involves the same parties and the same claims as Civil No. 84–1025, in which a final judgment on the merits was entered, we find that Plaintiff's claims were considered and rejected in that prior proceeding and that the doctrine of res judicata now precludes relitigation of those claims. This decision is consistent with the rationale supporting the rule. Plaintiff has already had an opportunity to try his claims. In the interests of protecting the parties in the prior action from further litigation, of conserving judicial resources and of encouraging public reliance on the finality of adjudication, Plaintiff cannot file this second suit asserting claims already adjudicated.

Affirmed.

*Stephen T. Hioki*, for Plaintiff–Appellant.
*Mervyn W. Lee*, for Defendant–Appellee.

---

[7] Once the circuit court ruled that there was no basis, "statutory or otherwise," upon which to award those claims, it was incumbent upon Plaintiff to appeal that determination to this court.