**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES R. DAVIS, | No. 10-16261 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00070-KSC |
| v. | |
| COUNTY OF MAUI; CHARMAINE TAVARES, Mayor of County of Maui; DEPARTMENT OF WATER SUPPLY, COUNTY OF MAUI; JEFFREY K. ENG, Director of Department of Water Supply, County of Maui; BOARD OF WATER SUPPLY, COUNTY OF MAUI; DOES 1-5, INCLUSIVE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Argued and Submitted October 7, 2011
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant James R. Davis (Davis) appeals the district court's decision granting Defendants-Appellees' motion to dismiss his 42 U.S.C. § 1983 action and denying his motion to amend his complaint. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291, and we affirm.

"Federal courts must accord a state court judgment the same preclusive effect that the judgment would receive in the rendering state's courts." *Skysign Int'l, Inc. v. City & Cnty. of Honolulu*, 276 F.3d 1109, 1115 (9th Cir. 2002) (citing 28 U.S.C. § 1738). "This rule extends to state administrative adjudications of legal and factual issue[s]." *Id.* (citing *Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir. 1995)). However, "[t]o have preclusive effect in federal court, the state administrative determination must [also] satisfy the requirements of fairness set out in" *United States v. Utah Construction and Mining Co.*, 384 U.S. 394 (1966). *Misischia*, 60 F.3d at 629.

Hawaii state courts give preclusive effect to an administrative agency's findings if "(1) the issue decided in the prior action is identical to the issue in the current action, (2) a final judgment on the merits was issued, and (3) the parties in the current action are the same or in privity with the parties in the prior action."

2

*Skysign Int'l*, 276 F.3d at 1115 (citing *Santos v. State, Dep't of Transp.*, 646 P.2d 962, 965-66 (Haw. 1982) (per curiam)). "'[A]ll grounds of [a] claim . . . [that] might have been properly litigated in the first action but were not litigated or decided'" are precluded. *Kauhane v. Acutron Co.*, 795 P.2d 276, 278 (Haw. 1990) (quoting *Morneau v. Stark Enters., Ltd.*, 539 P.2d 472, 474-75 (Haw. 1975))).

The requirements of res judicata are satisfied. *See Skysign Int'l*, 276 F.3d at 1115. Davis had the opportunity to litigate the claims asserted in his § 1983 action before the Hawaii Circuit Court. *See* Haw. Rev. Stat. § 91-14(b), (g); *HOH Corp. v. Motor Vehicle Indus. Licensing Bd.*, 736 P.2d 1271, 1275 (Haw. 1987). Because Davis chose not to appeal the decision of the County of Maui's Board of Water Supply (the BWS), that decision became final and preclusive. *See Misischia*, 60 F.3d at 629; *Kauhane*, 795 P.2d at 278. The fairness requirements of *Utah Construction* are met as well. *See Misischia*, 60 F.3d at 629. Therefore, the BWS decision precludes Davis's claims.

The district court correctly denied Davis leave to amend his complaint because res judicata would bar relief even with his proposed amendments, and, thus, amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, — F.3d —, No. 09-17364, 2011 WL 3911031, at *4 (9th Cir. Sept. 7, 2011) (citation omitted).

3

Because all of Davis's claims are precluded, we affirm the district court's decision dismissing Davis's § 1983 action with prejudice. We need not reach the issue of whether Davis's procedural due process claim is an impermissible collateral attack, and we decline to do so.

**AFFIRMED.**