NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000757
30-NOV-2022
08:53 AM
Dkt. 96 SO

NO. CAAP-19-0000757


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARGARET LOUISE ROYCE and STEVEN MICHAEL ROYCE,
Plaintiffs-Appellants,
v.
PLAZA HOME MORTGAGE, INC., COUNTRYWIDE HOME
LOANS, INC., FEDERAL NATIONAL MORTGAGE
ASSOCIATION, BOFA MERRILL LYNCH ASSET
HOLDINGS, INC., BANK OF AMERICA, N.A.,
Defendants-Appellees,
and
DOES 1-100, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO.  3CC16-1-0045K)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiffs-Appellants Margaret Louise Royce and Steven Michael Royce (collectively, **the Royces**), self-represented, appeal from (1) the June 8, 2017 "Order Denying Plaintiff's Motion [for] Reconsideration or New Trial (**Motion for Reconsideration**) of October 11, 2016 Order Granting Defendants Bank of America, N.A. (**BANA**) and Countrywide Home Loans,

1

Inc[.]'s (**Countrywide**) Motion to Dismiss Plaintiff Amended Verified Complaint to Quite [sic] Title Filed March 4, 2016 [Filed October 21, 2016] (**Order Granting Motion to Dismiss**)", and (2) the September 30, 2019 Final Judgment (**Final Judgment**), filed and entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On appeal,[2] the Royces generally contend[3] that the Circuit Court erred in granting Defendants-Appellees BANA and

---

[1] The Honorable Ronald Ibarra presided and signed the Order Denying Motion for Reconsideration. The Honorable Robert D.S. Kim signed the Final Judgment.

[2] The Royces' Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). The points of error do not contain references to where in the record the alleged error by the Circuit Court occurred, nor where in the record the error was objected to or brought to the attention of the Circuit Court. See HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]"). The brief also lacks an argument section. See HRAP Rule 28(b)(7) (specifying requirements for the argument section and that "[p]oints not argued may be deemed waived."). While noncompliance with HRAP Rule 28(b)(4) can alone be sufficient to affirm the lower court's judgment, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (citation and internal quotation marks omitted). We address the Royces' arguments to the extent that we can discern them from their Opening Brief. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (applying liberal interpretation to pleadings prepared by self-represented litigants and not foreclosing them from appellate review for failure to comply with court rules).

[3] We have consolidated and restated the Royces' five "[q]uestions presented on appeal," into a single contention for clarity. The five questions presented are that the Circuit Court erred by: (1) ruling that the Amended Verified Complaint did not sufficiently plead a claim to quiet title pursuant to Hawaii Revised Statutes (**HRS**) § 669-1(a); (2) "misappl[ying] Hawaiʻi's Quiet Title pleading-specific requirements, ignor[ing] Hawaiʻi's well-established Quiet Title laws, [and] overlook[ing] Hawaiʻi's Quiet Title legal precedents" when the Circuit Court referenced judicial and non-judicial foreclosure statutes under HRS § 667 instead of the Quiet Title statute HRS § 669-1(a); (3) granting BANA and Countrywide's Motion to Dismiss under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) for "failure to state ultimate facts sufficient to constitute a Quiet Title Civil Action Claim in Hawaiʻi"; (4) denying the Royces' Motion for Reconsideration; and (5) ruling that the interest in the Subject Property at issue arose from a companion foreclosure case and not derived from a warranty deed.

Countrywide's Motion to Dismiss,[4] denying the Royces' Motion for Reconsideration, and finding that the Royces' Amended Verified Complaint "did not meet the requirements to initiate a sufficiently plead [sic] Quiet Title Civil action . . . ."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

As to BANA and Countrywide, the record reflects that the Circuit Court granted the Motion to Dismiss on grounds that a final judgment of foreclosure in a related case, <u>Bank of America, N.A. v. Louise Royce et. al.</u>, Civil No. 3CC14100112K (**Foreclosure Proceeding**),[5] that had not been appealed, had divested the Royces of any right, title, or interest in the contested property; and that as a result, the Royces failed to state a claim and res judicata applied.  The Royces contend that the Circuit Court erred in granting BANA and Countrywide's Motion to Dismiss, and the only discernable argument they appear to advance is that their pleading was "sufficient to state a Hawaii common law Quiet Title claim or a Hawaii statutory law Quiet Title Claim."

In their Answering Brief, BANA and Countrywide argue that the Royces' quiet title claim was barred by res judicata because the Foreclosure Proceeding "already resolved any dispute about the ownership of the secured property."  The Royces did

---

[4]     While the Royces appeal from the September 30, 2019 Final Judgment, which encompassed orders relating to the remaining Defendants-Appellees Plaza Home Mortgage, Inc. (**Plaza Home Mortgage**), Bank of America Merrill Lynch Asset Holdings, Inc. (**Merrill Lynch**), and Federal National Mortgage Association (**Fannie Mae**), the Opening Brief does not contain any discernable argument as to these orders, or any reference to Merrill Lynch, Plaza Home Mortgage, or Fannie Mae.  Thus, any challenge pertaining to these Defendants-Appellees is waived.  <u>See</u> HRAP Rule 28(b)(7).

[5]     The Honorable Elizabeth A. Strance presided.

not address this argument in their Reply Brief.  BANA and Countrywide's argument has merit.

A circuit court's ruling on a motion to dismiss is reviewed de novo.  Flores v. Logan, 151 Hawaiʻi 357, 366, 513 P.3d 423, 432 (2022) (quoting Civ. Beat Law Ctr. for the Pub. Int., Inc. v. City & Cnty. of Honolulu, 144 Hawaiʻi 466, 474, 445 P.3d 47, 55 (2019)).  A court must accept a complaint's allegations as true, but it "is not required to accept conclusory allegations on the legal effect of the events alleged."  Marsland v. Pang, 5 Haw.App. 463, 474, 701 P.2d 175, 186 (1985) (citation omitted).  Additionally, a court can take judicial notice of prior proceedings alluded to in a complaint to dismiss the complaint under HRCP 12(b)(6).  Ellis v. Crockett, 51 Haw. 45, 55, 451 P.2d 814, 821 (1969).  Here, the Motion to Dismiss attached the decree and judgment from the Foreclosure Proceeding.  In an HRCP Rule 12(b)(6) motion to dismiss when "matters outside the pleadings are presented to and not excluded by the court the motion shall be treated as one for summary judgment and disposed of as provided in [HRCP] Rule 56 . . . ."  Flores, 151 Hawaiʻi at 367, 513 P.3d at 433 (quoting HRCP Rule 12(b)).  "Summary judgment is appropriate if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law."  Id. (citation and internal quotation marks omitted).  We apply the summary judgment standard of review under HRCP Rule 56 to this case.

We may take judicial notice of court records that are not part of the record on appeal.  See State v. Kwong, 149 Hawaiʻi 106, 117, 482 P.3d 1067, 1078 (2021) (quoting Eli v. State, 63 Haw. 474, 478, 630 P.2d 113, 116 (1981)).  In the

Foreclosure Proceeding, BANA initiated a foreclosure action after the Royces defaulted on their mortgage for the same property involved in this case. On March 17, 2015, the Circuit Court filed its Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed March 19, 2014 (**Foreclosure Decree**), and entered its judgment (**Foreclosure Judgment**). The Royces did not appeal the Foreclosure Proceeding.

Under the doctrine of res judicata, "'the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter.'" PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (internal brackets omitted) (quoting Kauhane v. Acutron Co., 71 Haw. 458, 463, 795 P.2d 276, 278 (1990)). A party asserting res judicata has the burden of establishing that: "'(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.'" Id. (quoting Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004)). "Res judicata prohibits the relitigation of all grounds and defenses which might have been properly litigated in the prior action, even if the issues were not litigated or decided in the earlier adjudication of the subject claim or cause of action." Smallwood v. City and Cnty. of Honolulu, 118 Hawaiʻi 139, 147, 185 P.3d 887, 895 (App. 2008) (citing Bremer, 104 Hawaiʻi at 53, 85 P.3d at 160).

The record here and from the Foreclosure Proceeding reflect that a Foreclosure Decree and Foreclosure Judgment related to the same property were previously entered against the

5

Royces from which they did not appeal, and thus, there was a "final judgment on the merits" for res judicata purposes. PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268. A judgment of foreclosure "finally determines the merits of the controversy." Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 16, 304 P.3d 1192, 1197 (2013). "[F]oreclosure has the legal effect of terminating a mortgagor's interest in the subject property, and therefore, a foreclosure judgment constitutes a final judgment." Eastern Savings Bank, FSB v. Esteban, 129 Hawaiʻi 154, 160 n.10, 296 P.3d 1062, 1068 n.10 (2013) (citation omitted). Thus, the first element for res judicata is met.

As to the second res judicata element, the parties are the same or in privity with the parties in the original suit. The Royces' Amended Complaint named BANA and Countrywide as defendants. The Foreclosure Decree and Foreclosure Judgment named BANA as plaintiff and the Royces as defendants in the Foreclosure Proceeding. The Foreclosure Decree included a finding that Countrywide had an interest in the subject property, but endorsed the promissory note in blank; BANA then became the holder of the promissory note. Thus, the parties here are the same as, or were in privity with, the parties in the original Foreclosure Proceeding. See PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268; In re Dowsett Trust, 7 Haw.App. 640, 646, 791 P.2d 398, 402 (1990) ("The concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationships to the same rights of property' to 'merely a word used to say that the relationship between the one who is a party of record and another is close enough to include that other within the res adjudicata.'") (citation, internal quotation marks and brackets omitted).

6

As to the third res judicata element, whether the claim decided in the original suit is identical to the one presented in the action in question, the Royces claimed in the Amended Complaint that "[a] controversy has arisen and now exists between Plaintiff and Defendants" and sought "a determination that Plaintiff owns and holds the Property free and clear of any interests or adverse claim asserted herein by any Defendant."  The Foreclosure Decree and the Foreclosure Judgment, however, terminated the Royces' interest in the subject property.  See Esteban, 129 Hawaiʻi at 160 n.10, 296 P.3d at 1068 n.10; Wise, 130 Hawaiʻi at 16, 304 P.3d at 1197.  Thus, the record reflects that the Royces' claim in their Amended Complaint was already determined in the Foreclosure Proceeding. See Esteban, 129 Hawaiʻi at 160 n.10, 296 P.3d at 1068 n.10; Wise, 130 Hawaiʻi at 16, 304 P.3d at 1197.

We conclude that the Circuit Court did not err in dismissing the Amended Complaint on grounds that the Royces' quiet title claim is barred by res judicata, as a matter of law. See Flores, 151 Hawaiʻi at 366, 513 P.3d at 432; PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268.  Regarding the Order Denying Motion for Reconsideration, the Royces do not provide any additional discernable argument beyond the contention that we have already addressed, and thus have failed to show any error. See HRAP Rule 28(b)(7).

For the foregoing reasons, we affirm the (1) the June 8, 2017 "Order Denying Plaintiff's Motion for Reconsideration or New Trial of October 11, 2016 Order Granting Defendants Bank of America, N.A. and Countrywide Home Loans, Inc[.]'s Motion to Dismiss Plaintiff Amended Verified Complaint to Quite [sic] Title Filed March 4, 2016 [Filed October 21, 2016]," and (2) the

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

September 30, 2019 Final Judgment, filed and entered by the Circuit Court of the Third Circuit.

DATED: Honolulu, Hawaiʻi, November 30, 2022.

On the briefs:

Margaret Louise Royce and
Steven Michael Royce,
Plaintiffs-Appellants.

Jenny J.N.A. Nakamoto,
(Dentons US LLP)
for Plaza Home Mortgage, Inc.

Patricia J. McHenry,
(Cades Schutte)
for Bank of America, N.A.,
Countrywide Home Loans, Inc.
and BOFA Merrill Lynch Asset
Holdings, Inc.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge