NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000327
28-OCT-2024
08:07 AM
Dkt. 184 SO**

NO. CAAP-20-0000327

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RSM, INC., Plaintiff-Appellee, v.
WILLIAM MIDDLETON and TATIANA MIDDLETON,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CIVIL NO. 3RC-17-1-0320)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

        This appeal stems from a landlord-tenant dispute in which the trial court awarded $8,113.41 in damages to Plaintiff-Appellee RSM, Inc. (**RSM**) following a proof hearing. Self-represented Defendants-Appellants William Middleton and Tatiana Middleton (together, the **Middletons**) appeal from the April 3, 2020 "Order Denying [the Middletons'] Motion for Reconsideration or New Trial Filed February 3, 2020" (**Reconsideration Order**) and, presumably, the January 24, 2020 Judgment (**Judgment on Damages**) in favor of RSM, both entered by the District Court of the Third Circuit, North and South Hilo Division (**District Court**).[1]

        On April 13, 2017, RSM filed a Complaint for Summary Possession and Other Relief against the Middletons, seeking (1) possession of the subject premises and (2) monetary damages.

_____

        [1]    The Honorable M. Kanani Laubach presided.  The Middletons were represented by counsel in the District Court proceedings until March 11, 2020, when the court granted counsel's oral motion to withdraw, noting that no party objected to the withdrawal.

The District Court proceeded with a bifurcated trial on possession, awarding possession to RSM as set forth in the Court's Decision and Order, entered on May 8, 2019. A Judgment for Possession and Writ of Possession were entered in favor of RSM and against the Middletons on the same date.

On May 20, 2019, the Middletons filed a notice of appeal from the Judgment for Possession, creating appellate case no. CAAP-19-0000406.

The District Court conducted a proof hearing on damages on August 2 and October 25, 2019. On January 22, 2020, the District Court entered its Decision and Order Re: Proof Hearing or Trial on Damages (**Decision and Order Re Damages**). On January 24, 2020, the District Court entered the Judgment on Damages in favor of RSM in the amount of $8,113.41.

On February 3, 2020, the Middletons filed a Motion for Reconsideration or New Trial, which the District Court denied in its April 3, 2020 Reconsideration Order.

On April 29, 2020, the Middletons filed the notice of appeal that initiated this appeal.

After receiving multiple extensions to file their opening brief in CAAP-19-0000406, the Middletons failed to file their opening brief by the January 21, 2020 (extended) deadline, and this court subsequently dismissed that appeal.[2]

In this appeal, the Middletons appear to contend that: (1) the District Court's proof hearing process on damages violates landlord-tenant law; (2) RSM did not disclose who was authorized to manage the premises; (3) the Complaint for Summary Possession and Other Relief lacked a declaration certifying "that what is stated in the complaint is true and correct"; (4) the District Court erred in not sending the case to mediation; (5) the District Court unfairly set different deadlines for the parties to make post-proof-hearing submissions; (6) the District Court violated the Middletons' due process rights by e-filing its January 22, 2020 Decision and Order Re Damages without an in-

---

[2] The Middletons filed an application for writ of certiorari, which the Hawaiʻi Supreme Court rejected on August 19, 2020. RSM, Inc. v. Middleton, No. SCWC-19-0000406, 2020 WL 4818893, at *1 (Haw. Aug. 19, 2020).

person hearing; (7) RSM raised the issue of nonpayment of rent in bad faith, entitling the Middletons to reasonable interest on rent deposited in the rent trust fund; (8) the District Court erred in imposing holdover rent; (9) the District Court erred in accepting RSM's allegedly untimely and incomplete exhibits; (10) the District Court's damages award is wrong because it improperly includes security costs, RSM allowed the Middletons to extend their use of the premises, and RSM failed to prove certain damages; and (11) the District Court erred in awarding process server fees to RSM.[3]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Middletons' contentions as follows, and affirm.

A.

Issues regarding the Judgment for Possession, and any challenge to the propriety of the District Court's related determinations, could and should have been raised in the Middletons' appeal from that judgment. The Judgment for Possession, accompanied by the Writ of Possession, was appealable, see Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995), and the Middletons in fact appealed from that judgment. When an appeal is taken, judgment becomes final under Hawaiʻi law when the appeal is decided. See Kauhane v. Acutron

---

[3]    The Middletons' points of error have been restated and condensed for clarity. We note that the Middletons' opening brief fails to comply in numerous material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7). In particular, the Middletons fail to provide: (1) a "concise statement of the points of error set forth in separately numbered paragraphs[,]" separate from their argument section, as required by HRAP 28(b)(4) and (7); and (2) a statement of "where in the record the alleged error[s were] objected to or the manner in which the alleged error[s were] brought to the attention of the court[,]" as required by HRAP 28(b)(4)(iii). In addition, the argument section is conclusory and often difficult to discern. The Middletons' "failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the circuit court's judgment." Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180, 86 P.3d 982, 989 (2004) (citing Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001)). Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan, 104 Hawaiʻi at 180-81, 86 P.3d at 989-90 (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)). We thus address the Middletons' arguments to the extent discernible.

Co., 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) ("Plaintiff, however, withdrew his appeal and thereby foreclosed review by this court.  Once that appeal was withdrawn, the circuit court's judgment became final for res judicata purposes"); James W. Glover, Ltd. v. Fong, 42 Haw. 560, 574 (Haw. Terr. 1958) ("A judgment is final where the time to appeal has expired without appeal being taken.").  Following the Middletons' failure to file an opening brief by the extended deadline, this court dismissed the appeal.  That dismissal, which was not for lack of jurisdiction, operated as an adjudication on the merits.  See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 41(b)(3) and District Court Rules of Civil Procedure (**DCRCP**) Rule 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivison and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction . . . , operates as an adjudication upon the merits."); HRAP Rule 2.1(a) (adopting the HRCP and DCRCP rules whenever applicable).  The supreme court thereafter rejected the Middletons' application for writ of certiorari.  Cf. Silver v. Queen's Hospital, 63 Haw. 430, 439–40, 629 P.2d 1116, 1124 (1981) (holding that the plaintiff's claims were barred by res judicata when the federal court's judgment was finalized by denial of his petition for certiorari).

"[T]he law of the case doctrine generally 'operates to foreclose re-examination of decided issues either on remand or on a subsequent appeal.'" Grinpas v. Kapaa 382, No. SCWC-14-0000870, 2020 WL 5793752, at *7 (Haw. June 29, 2020) (original brackets omitted) (quoting Hussey v. Say, 139 Hawaiʻi 181, 186, 384 P.3d 1282, 1287 (2016)). In these circumstances, the law of the case doctrine applies, and the Middletons have advanced no cogent reasons, patent error, or exceptional circumstances for us to revisit our prior ruling.  See Title Guaranty Escrow Services, Inc. v. Waialea Resort Co., 146 Hawaiʻi 34, 45, 456 P.3d 107, 118 (2019) ("[U]nless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." (quoting Wong v. City & Cty. of Honolulu, 66 Haw.

389, 396, 665 P.2d 157, 162 (1983))). Accordingly, we decline to revisit issues related to the Judgment of Possession, including the Middletons' second, third, fourth, and seventh points of error (see supra), in this appeal.

Moreover, the Middletons do not state where in the record they raised the issues they now raise on appeal, including those raised in their first through seventh points of error (see supra). See HRAP Rule 28(b)(4). Issues not raised in the trial court are deemed waived on appeal. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal."); HRAP Rule 28(b)(4)(iii). In any event, we conclude that the Middletons' constitutional, statutory and rule-based arguments as they relate to the proof hearing and the Judgment on Damages, to the extent we can discern these arguments, are without merit.

B.

Following the proof hearing, the District Court found that RSM had incurred damages in the "[p]rincipal [a]mount" of $6,910.45, comprising the following:

| | |
|---|---|
| $1,540.14 | for holdover rent from June 1-June 22, 2019 (21 days) |
| $ 400.00 | for cleaning of the residence |
| $ 313.31 | for pest control |
| $ 283.00 | for repairs needed to the property |
| $ 280.00 | for the dismantling of fences and removal of refuse |
| $4,094.00 | for the costs of security provided for the Middletons' personal possessions |

The District Court also awarded RSM certain other fees and costs, and applied the $1,100 security deposit that RSM retained, to arrive at the total judgment amount of $8,113.41, as follows:

5

| | |
|---|---|
| $6,910.45 | Principal Amount |
| $1,727.61 | Attorney's Fees |
| $ 155.00 | Filing Fee |
| $ 290.00 | Service Fees |
| $ 17.40 | Mileage for Service |
| $ 112.95 | Other Cost (print charges and postage only) |
| ($1,100.00) | Less security deposit |
| $8,113.41 | TOTAL JUDGMENT AMOUNT |

In their eighth point of error, the Middletons contend that the District Court erred in imposing holdover rent from June 1 to June 22, 2019, for a total of 21 days (the **Holdover Period**). They appear to argue that they had RSM's consent to leave their personal property on the premises during the Holdover Period.

Relatedly, in their tenth point of error, the Middletons contend that the District Court improperly included as damages the costs that RSM incurred for security to store and safeguard the Middletons' possessions during the Holdover Period.

After determining the "credible testimony," "weighing all evidence presented by the parties at trial," and considering the Middletons' motion for reconsideration, the District Court rejected the Middletons' arguments. Specifically, the District Court found that although the Writ of Possession was executed on May 31, 2019, the Middletons did not vacate the premises until their personal property was removed on June 22, 2019. The court thus awarded RSM holdover rent for that period.

As to the security costs, the District Court's Decision and Order Re Damages, paragraph 7, states:

> Costs of security to protect [the Middletons'] personal property left in the residence after the writ was executed on May 31, 2019 are fair and reasonable. Although [the Middletons] were physically off the property they chose not to remove all of their personal property even though they had notice. [RSM] had to take necessary steps to secure the property of the [Middletons] from theft or damage and risk a subsequent lawsuit. [The Middletons] were provided notice on May 31, 2019 regarding a security guard. ([RSM's] Exhibit D). Court will award [RSM] costs of the security in the amount of $4,094.00.

6

The court further found in the Reconsideration Order:

> [T]he Middletons were provided adequate notice on May 8, 2019 that they were required to vacate the property on or before May 31, 2019, at 4:30 p.m. Despite said notice, [the Middletons] failed to remove their belongings from the premises and [RSM] w[as] required to hire security to safeguard [the Middletons'] possessions until [the Middletons'] possessions were removed from the premises. As such, the Court finds costs associated with security guards to be reasonable.

The District Court had discretion to award holdover rent under HRS § 521-71(e).[4] The District Court also had authority to award RSM damages for its reasonable security costs to store the Middletons' belongings pursuant to HRS § 521-56.[5] We "will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citing Domingo v. State, 76 Hawaiʻi 237, 242, 873 P.2d 775, 780 (1994)). Based on our review of the record, we conclude that the District Court's mixed determinations of fact and law regarding holdover rent and security costs to store the Middletons' belongings are supported by substantial evidence and are not clearly erroneous. The District Court did not abuse its discretion or otherwise err in awarding these amounts as damages in these circumstances.

In their tenth point of error, the Middletons also challenge various other categories of RSM's damages, including expenses incurred for cleaning, pest control, and repairs. In their ninth and eleventh points of error, the Middletons challenge the attorney's fees and certain other costs awarded to

---

[4] HRS § 521-71(e) (2018) states, in relevant part: "[I]f the tenant continues in possession after the date of termination without the landlord's consent, the tenant may be liable to the landlord for a sum not to exceed twice the monthly rent under the previous rental agreement, computed and prorated on a daily basis, for each day the tenant remains in possession."

[5] HRS § 521-56(a) (2018) states, in relevant part: "When the tenant . . . has wrongfully quit the premises, or when the tenant has quit the premises pursuant to a notice to quit or upon the natural expiration of the term, and has abandoned personalty which the landlord, in good faith, determines to be of value, in or around the premises, the landlord may sell such personalty, in a commercially reasonable manner, store such personalty at the tenant's expense, or donate such personalty to a charitable organization. (Emphasis added.)

RSM.

Based on our review of the record, we conclude that the District Court's mixed determinations of fact and law regarding RSM's damages for cleaning, pest control and, repairs are supported by substantial evidence and are not clearly erroneous. We further conclude that substantial evidence supports the District Court's award of attorney's fees and costs, and the court did not abuse its discretion or otherwise err in awarding RSM its attorney's fees and other challenged costs.[6]

For the reasons discussed above, the January 24, 2020 Judgment and the April 3, 2020 "Order Denying Defendants' Motion for Reconsideration or New Trial Filed February 3, 2020," both entered by the District Court of the Third Circuit, North and South Hilo Division, are affirmed.

DATED:  Honolulu, Hawai‘i, October 28, 2024.

On the briefs:

Tatiana and William Middleton,
Self-represented Defendants-
Appellants.

Ian R. Wesley-Smith
(Carlsmith Ball LLP)
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[6] In particular, the District Court did not err in admitting evidence of RSM's attorney's fees.